IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br><br>   Plaintiff,<br><br>v.<br><br>SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., KHALED ELSAYED, AND JOHN DOE,<br><br>   Defendants. | Civil Action File No.<br><br>1:24-cv-00455-SEG |

**PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

Plaintiff O' Rhonde Chapman ("Plaintiff"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court to grant summary judgment as to Defendants' negligence and liability, showing this Honorable Court as follows:

**I.   INTRODUCTION**

This lawsuit arises from a tragic hit-and-run, tractor-trailer versus automobile collision that occurred on October 12, 2023, in Atlanta, Georgia. Plaintiff was driving his Honda Accord in the right (inside) lane on Williams Street at its intersection with Ivan Allen Boulevard when Defendant Khaled Elsayed, operating a Shetos, Inc. tractor-trailer ("truck"), improperly made a right turn from the second

lane and collided with Plaintiff's car. The collision caused serious personal injuries to Plaintiff, requiring surgery, and totaled his car.

Defendant Elsayed left the scene of the collision and never spoke to Plaintiff or checked on his condition following the wreck. Fortunately, a good Samaritan witnessed the collision, followed Elsayed's truck, and asked him to return to the accident scene. Defendant Elsayed did not return to the scene of the collision, and the witness took a picture of the truck to document the company name "Shetos Inc." and its Department of Transportation (DOT) number.

Despite causing an avoidable, life-threatening accident that seriously injured Plaintiff and totaled his vehicle, Defendants have not taken this matter nor the Court's procedural requirements seriously. Indeed, Defendants failed to timely answer the Complaint, resulting in them going into default. After this Court granted Defendants' motion to set aside their defaults on November 5, 2024, Defendants have done nothing else – as they failed to:

- Participate in the drafting or filing of the Joint Preliminary Plan and Report;
- File Initial Disclosures; and
- Respond to Plaintiff's First Request for Admissions and Request for Production of Documents.

By ignoring Plaintiff's Request for Admission, they are now admitted under

F.R.Civ.P. 36. The admitted facts, in turn, establish that Plaintiff is entitled to summary judgment as to Defendants Elsayed and Shetos Inc.'s liability.

## II.    UNCONTESTED FACTS

On October 12, 2023, Plaintiff was driving his 2021 Honda Accord in the right (inside) lane on Williams Street at its intersection with Ivan Allen Boulevard in Atlanta, Georgia. (L.R. 56.1(B)(1) Statement of Undisputed Material Facts ("SOF") 1). Defendant Khaled Elsayed was operating a Shetos Inc. truck at the same time in the left (outside) lane on Williams Street, approaching the same intersection. (SOF 2).

Defendant Elsayed made an improper right turn onto Ivan Allen Boulevard and collided with the Plaintiff's vehicle. (SOF 8). Defendant Elsayed then left the scene of the collision. (SOF 9). Below is the Crash Report's depiction of the accident:



(SOF 10).

Tony Parker, an independent witness, saw the Shetos Inc. truck collide with the Plaintiff's car. (SOF 11). Mr. Parker followed the Shetos Inc. truck and asked

Defendant Elsayed to return to the scene of the accident. (SOF 12). Mr. Parker also took the picture below of the driver's side door of the Shetos Inc. truck. (SOF 13 and 14).



Defendant Elsayed told Mr. Parker he would not return to the accident scene. (SOF 15). Defendant Elsayed did not stop to determine whether Plaintiff had suffered any injuries. (SOF 16).

Plaintiff sustained severe personal injuries in the accident and his car was totaled. (SOF 17 and 18). Defendant Elsayed was under a legal duty to follow Georgia law and the Federal Motor Carrier Safety Regulations. (SOF 19). He failed to exercise ordinary care under the circumstances, keep a proper lookout, maintain his lane, and made an improper right turn into the Plaintiff vehicle. (SOF 20-23).

Shetos Inc. was solely owned and operated by Defendant Khaled Elsayed at the time of the incident. (SOF 4). Therefore, Shetos Inc. is responsible for Defendant Elsayed's negligence. (SOF 26). At the time of the collision, Bulldog National issued at least one policy of commercial automobile liability insurance on the Shetos Inc.

truck involved in this collision. (SOF 28). Bulldog National also insured Defendant Elsayed on the date of the incident. (SOF 29).

On November 15, 2024, the Court granted an extension to the parties to file the Joint Preliminary Report and Discovery Plan ("JPP") until January 14, 2025. (Dkt. 24). Despite receiving multiple verbal and written communications from Plaintiff's counsel regarding the filing of the JPP, Defendants did not participate in the drafting or filing of the JPP. (*See* Dkt. 28).[1] Additionally, Defendants have failed to file their Initial Disclosures, Certificate of Interested Persons, or Corporate Disclosure Statements. (*See generally* Dkt.).

On January 19, 2025, Plaintiff served Defendants with his First Request for Admissions and Request for Production of Documents. (SOF 35). On that same day, Plaintiff filed a 5.4 Certificate of Service of his discovery requests on the Court's PACER filing system. (SOF 35). Additionally, Plaintiff electronically served the discovery requests against Defendants' counsel of record and the insurance adjuster for this matter. (SOF 36). Defendants responses to Plaintiff's discovery were due on or before February 24, 2025. (SOF 37). Defendants have failed to respond to Plaintiff's discovery requests – including his Request for Admissions. (SOF 38).

Plaintiff's Request for Admissions requested that Defendants admit, in

---

[1] Plaintiff's counsel requested a conference with the Court in the JPP to discuss, among other things, Defendants' failure to communicate regarding this case.

pertinent part, that:

2. On October 12, 2023, Shetos Inc. was owned and operated by Defendant Khaled Elsayed.

4. On October 12, 2023, Shetos Inc. only had one tractor-trailer.

5. On October 12, 2023, Shetos Inc. only had one employee, Defendant Khaled Elsayed.

7. On October 12, 2023, Shetos Inc.'s DOT Number was 3860017.

8. On October 12, 2023, Shetos Inc.'s MC Number was 1499780.

15. On October 12, 2023, Defendant Khaled was operating a Shetos Inc. tractor-trailer ("truck") traveling in the same direction at the same time as Plaintiff in the left (outside) lane on Williams Street approaching its intersection with Ivan Allen Boulevard.

17. On October 12, 2023, Defendant Khaled Elsayed failed to maintain his lane when he made an improper right turn onto Ivan Allen Boulevard and collided with Plaintiff's vehicle.

29. Defendant Elsayed did not stop his vehicle to determine whether Plaintiff suffered injuries.

20. On October 12, 2023, Defendant Khaled Elsayed left the scene of the collision with Plaintiff.

21. Tony Parker, an independent witness, saw the Shetos Inc. tractor-trailer collide with Plaintiff in Atlanta Georgia.

22. Mr. Parker caught up to the Shetos tractor-trailer driven by Defendant Elsayed and asked him to return to the scene of the accident.

27. Defendant Elsayed told Mr. Parker he would not return to the accident scene.

50. Defendant Elsayed was negligent in failing to exercise ordinary care under the circumstances.

51. Defendant Elsayed was negligent in failing to keep a proper lookout.

52. Defendant Elsayed was negligent in failing to maintain his lane.

53. Defendant Elsayed was negligent in making an improper right turn.

54. Defendant Elsayed is liable per se under O.C.G.A § 40-6-270 (failure to stop and render aid).

55. Defendant Elsayed was negligent in failing to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations, and standards.

59. At the time of the subject collision, Bulldog National issued at least one policy of commercial automobile liability insurance on the Shetos Inc. tractor-trailer involved in the collision at the time of the collision.

60. Bulldog National insured Defendant Elsayed on the date of the subject incident.

(SOF 2, 4, 6-9, 11-12, 15-16, 20-25, 28-29).

Therefore, Plaintiff is entitled summary judgment on the issues of negligence and liability against Defendants.

### III.  ARGUMENT

#### A.  <u>Summary Judgment Standard</u>

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003).

As shown more below, there is no genuine issue of material fact that Defendant Elsayed negligently struck Plaintiff's vehicle and left the scene of the

accident without checking on Plaintiff or waiting for authorities. Likewise, there is no genuine dispute as to whether Defendants Shetos Inc. and Bulldog National are responsible for Elsayed's negligent actions which injured Plaintiff.

B. **Defendants' Admissions obtained by use of Rule 36 show there is no genuine issue as to their negligence and liability and justify the entry of summary judgment**.

Federal Rule of Civil Procedure 36 provides that a request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." F.R.Civ.P. 36(a)(3). Admissions obtained by use of Rule 36 may show that there is no genuine issue as to any material fact and justify the entry of summary judgment under Rule 56. *U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992).

In this case, Defendants failed to respond to Plaintiff's request for admissions within thirty days of service. Accordingly, pursuant to F.R.Civ.P. 36(b), all of Plaintiff's request for admission are deemed admitted and, thus, supports Plaintiff's instant motion for partial summary judgment.

C. **Plaintiff is entitled to summary judgment on Defendant Elsayed's negligence.**

Plaintiff is entitled to summary judgment because Defendant Elsayed's admissions conclusively show that he negligently made an improper right turn from

the second lane and collided with Plaintiff's vehicle.[2]

To state a cause of action for negligence in Georgia, the following elements are essential: "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Lee Street Auto Sales v. Warren*, 102 Ga. App. 345 (1) (1960).

Georgia law requires all drivers to exercise ordinary care when driving. O.C.G.A. § 40-6-241; *see also Rios v. Norsworthy*, 266 Ga. App. 469, 470 (2004). Additionally, O.C.G.A. § 40-6-48, entitled driving on roadways laned for traffic, requires all drivers to maintain their lane while driving.

In this case, the facts conclusively establish that Defendant Elsayed breached the aforementioned duties, as well as the duty to keep a proper lookout when making a right turn across Plaintiff's lane from a non-turning lane and colliding with Plaintiff. (SOF 8 and 10). The uncontested facts also show Defendant Elsayed's failures to exercise ordinary care and maintain his lane caused this accident and

---

[2] The admitted facts also establish that Defendant Elsayed was negligence *per se*. *See Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) ("The violation of certain mandatory regulations may also amount to negligence *per se* if the regulations impose a legal duty.").

proximately caused the severe personal injuries and property damages Plaintiff suffered. (SOF 17). Indeed, Plaintiff suffered, among other injuries, a torn rotator cuff as a result of this accident and required emergency medical treatment. (SOF 17). Additionally, Plaintiff's car was totaled as a result of this accident. (SOF 18). Furthermore, Defendant Elsayed left the scene of the accident and did not return to check on Plaintiff or wait for authorities – which makes him negligent per se and entitles Plaintiff to punitive damages as a matter of law. (SOF 9, 11-14); *See, e.g., Keenan v. Hill*, 190 Ga. App. 108, 109 (1989) ("The conduct of a hit-and-run driver of an automobile in failing to stop and give his name, etc., and render assistance to the person injured, when taken in connection with all the circumstances, may authorize a finding that the conduct of the driver in causing the injury constituted an entire want of care and conscious indifference to consequences, and therefore that there were such 'aggravating circumstances in the act' as would authorize a recovery by the person injured for punitive damages."). Therefore, Plaintiff is entitled to summary judgment as to Defendant Elsayed's negligence and liability.

D. **Plaintiff is entitled to summary judgment on Defendant Shetos Inc.'s negligence.**

Plaintiff is entitled to summary judgment because Defendant Elsayed is Shetos Inc.'s only employee and operator. (SOF 4-5). Thus, he was operating the truck with Shetos Inc.'s knowledge, in the course and scope of his employment.

In Georgia, "[i]t is well settled that [e]very master shall be liable for torts

committed by his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." *DMAC81, LLC v. Nguyen*, 358 Ga. App. 170, 172 (2021). "When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master. While a jury frequently must resolve whether an employee acted in furtherance of his master's business and within the scope of his employment at the time an injury was inflicted, the evidence in some cases is so plain and undisputable that the court may resolve a respondeat superior claim as a matter of law." *Id.; see also* O.C.G.A. § 51-2-2.

In this case, the uncontested facts plainly and conclusively establish that Shetos Inc. is liable for Defendant Elsayed's negligence. Indeed, he was the sole owner of Shetos Inc. and its only truck driver. (SOF 4-5). As such, Defendant Elsayed entrusted the Shetos Inc. truck to himself to carry out the business of Shetos Inc. Accordingly, Defendant Elsayed's negligence in causing the accident with Plaintiff is imputed to Shetos Inc.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court issue an order

granting summary judgment against Defendants on the issues of their negligence and liability.

Respectfully submitted this 26th day of February, 2025.

|  |  |
|---|---|
| | **THE ELLIS FIRM** |
| | */s/ Willie C. Ellis Jr.* |
| | Willie C. Ellis Jr. |
| 3400 Peachtree Road N.E., Ste. 725 | Georgia Bar No. 246116 |
| Atlanta, Georgia, 30326 | *Counsel for Plaintiff* |
| Telephone: (770) 212-1432 | |
| facsimile: (404) 393-2392 | |
| will@call-ellis.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., KHALED ELSAYED, AND JOHN DOE,<br><br>    Defendants. | Civil Action File No.<br><br>1:24-cv-00455-SEG |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

Respectfully submitted this 26th day of February, 2025.

                                                                      **THE ELLIS FIRM**

                                                                       */s/ Willie C. Ellis Jr.*
                                                                       Willie C. Ellis Jr.
                                                                       Georgia Bar No. 246116
                                                                       *Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
facsimile: (404) 393-2392
will@call-ellis.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH BRIEF IN SUPPORT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jennifer S. Ray
**Speed, Seta, Martin, Trivett, Stubley & Fickling, LLC**
114 Stone Mountain Street
Lawrenceville, Georgia 30046
jennifer@speed-seta.com
*Attorneys for Defendants*

Respectfully submitted this 26th day of February, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
facsimile: (404) 393-2392
will@call-ellis.com