IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br>PLAINTIFF,<br><br>V.<br><br>SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., KHALED ELSAYED, AND JOHN DOE,<br><br>DEFENDANTS. | Civil Action File No.<br><br>1:24-CV-00455-SEG |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC. AND LHALED ELSAYED

**YOU ARE HEREBY REQUESTED**, pursuant to Federal Rule of Civil Procedure 26 and in accordance with the applicable rules of civil procedure, to produce at the offices of The Ellis Firm, located at 3500 Lenox Road, Ste. 1500, Atlanta, Georgia 30326, within 30 days following service of these Admissions and Request for Production of Documents by responding to each Admission and attaching requested documents to your legal response to these Requests and mailing to Plaintiff's counsel true and correct copies of all such requested documents and tangible items.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or

exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means the incident wherein Plaintiff O' Rhonde Chapman incurred injuries on October 12, 2023 when the Shetos Inc. tractor-trailer

(operated by Elsayed or John Doe) failed to maintain its lane and crashed into him in Atlanta, Georgia.

5. "**You**" "**Your**" "**DEFENDANT**" or "**DEFENDANTS**" means SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., AND/OR KHALED ELSAYED.

6. "**Plaintiff**" shall mean O' RHONDE CHAPMAN.

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

YOU ARE HEREBY NOTIFIED that Plaintiff intends to rely upon the provisions of the F.R. Civ. P. 37, and, in the event that you fail to make the admissions requested, Plaintiff will file an application for the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

NOTE A: If you cannot truthfully admit or deny any of the below requested admissions, then, please set forth in detail the reason or reasons you cannot truthfully admit or deny the requested admission. A general statement that you cannot admit or deny a requested admission, unaccompanied by reason, is an insufficient response.

NOTE B: If you should deny any of the below requested admissions, then your denial is required to meet the substance of the requested admission. When good faith requires that you qualify your answer or deny only a part of the matter of which

an admission is requested, you are required to specify so much of the requested admission as is true and qualify or deny only the remainder.

NOTE C: You cannot give lack of information or knowledge as a reason for failure to admit or deny any of the below requested admissions unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

NOTE D: If you fail to admit the truth of any matter requested, and if Plaintiff at trial prove the truth of the matter requested, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses and attorney's fees incurred in making the proof.

**YOU ARE REQUESTED** to admit, for the purpose of this action only, that each of the following statements is true:

1. Shetos Inc. is a trucking company with its principal place of business in Philadelphia, Pennsylvania.

2. On October 12, 2023, Shetos Inc. was owned and operated by Defendant Khaled Elsayed.

3. As of the date of this Request, Shetos Inc. is owned and operated by Defendant Khaled Elsayed.

4. On October 12, 2023, Shetos Inc. only had one tractor-trailer.

5. On October 12, 2023, Shetos Inc. only had one employee, Defendant

Khaled Elsayed.

6. On October 12, 2023, Shetos Inc. only had one driver/operator, Defendant Khaled Elsayed.

7. On October 12, 2023, Shetos Inc.'s DOT Number was 3860017.

8. On October 12, 2023, Shetos Inc.'s MC Number was 1499780.

9. Elsayed's home address is the same as Shetos Inc.'s principal place of business.

10. On October 12, 2023, John Doe was an employee or agent of Shetos Inc., a company owned by Khaled Elsayed, pursuant to 49 C.F.R. § 390.5 and other Federal Motor Carrier Safety Regulations ("FMCSR").

11. John Doe was an employee or statutory employee of Shetos Inc., a company owned by Khaled Elsayed.

12. At some point, on October 12, 2023, Defendant Khaled Elsayed was driving the Shetos Inc. tractor-trailer in Atlanta, Georgia.

13. At some point, on October 12, 2023, Defendant John Doe was driving the Shetos Inc. tractor-trailer in Atlanta, Georgia with Defendant Shetos Inc. and/or Defendant Khaled Elsayed's express consent.

14. On October 12, 2023, Plaintiff was driving his 2021 Honda Accord in the right (inside) lane on Williams Street at its intersection with Ivan Allen

Boulevard in Atlanta, Georgia.

15. On October 12, 2023, Defendant Khaled was operating a Shetos Inc. tractor-trailer ("truck") traveling in the same direction at the same time as Plaintiff in the left (outside) lane on Williams Street approaching its intersection with Ivan Allen Boulevard.

16. On October 12, 2023, John Doe was operating a Shetos Inc. tractor-trailer ("truck") with Defendant Khaled's express consent traveling in the same direction at the same time as Plaintiff in the left (outside) lane on Williams Street approaching its intersection with Ivan Allen Boulevard.

17. On October 12, 2023, Defendant Khaled Elsayed failed to maintain his lane when he made an improper right turn onto Ivan Allen Boulevard and collided with Plaintiff's vehicle.

18. On October 12, 2023, John Doe failed to maintain his lane when he made an improper right turn onto Ivan Allen Boulevard and collided with Plaintiff's vehicle.

19. On October 12, 2023, John Doe left the scene of the collision with Plaintiff.

20. On October 12, 2023, Defendant Khaled Elsayed left the scene of the collision with Plaintiff.

21. Tony Parker, an independent witness, saw the Shetos Inc. tractor-trailer

collide with Plaintiff in Atlanta Georgia.

22. Mr. Parker caught up to the Shetos tractor-trailer driven by Defendant Elsayed and asked him to return to the scene of the accident.

23. Mr. Parker caught up to the Shetos tractor-trailer driven by John Doe and asked him to return to the scene of the accident.

24. Mr. Parker took a picture of the driver's side door of the Shetos tractor-trailer.

25. The picture below is a true accurate picture that Mr. Parker took of the driver's side door of the Shetos Inc.'s tractor-trailer on October 12, 2023 in Atlanta, Geor.



26. Mr. Parker took the above picture on October 12, 2023 after the Shetos Inc. tractor-trailer collided with Plaintiff.

27. Defendant Elsayed told Mr. Parker he would not return to the accident scene.

28. Defendant John Doe told Mr. Parker he would not return to the accident

scene.

29. Defendant Elsayed did not stop his vehicle to determine whether Plaintiff suffered injuries.

30. Defendant John Doe did not stop his vehicle to determine whether Plaintiff suffered injuries.

31. At the time of the collision, John Doe was under dispatch for Shetos Inc.

32. At the time of the collision, John Doe was operating the Shetos Inc.'s truck in the course and scope of his employment.

33. On October 12, 2023, Defendant Elsayed was under a legal duty to follow the Federal Motor Carrier Safety Regulations.

34. Shetos Inc. was negligent by entrusting the subject tractor-trailer to Defendant John Doe.

35. Defendant Elsayed's negligence in failing to use due care while operating a vehicle under his charge on October 12, 2023 is imputed to Shetos Inc.

36. Defendant John Doe's negligence in failing to use due care while operating a vehicle under his charge on October 12, 2023 is imputed to Shetos Inc

37. Shetos Inc. did not report this incident to state or local authorities.

38. Shetos Inc. did not report the subject incident to Department of

Transportation.

39. Plaintiff sustained severe personal injuries as a result of this accident.

40. Plaintiff's car was totaled as a result of this incident.

41. Defendants Bulldog National, John Doe, and Elsayed's negligence proximately caused Plaintiff's injuries and pain.

42. John Doe was negligent in failing to exercise ordinary care under the circumstances.

43. John Doe was negligent in failing to keep a proper lookout.

44. John Doe was negligent in failing to maintain his lane.

45. John Doe was negligent in making an improper right turn.

46. John Doe is liable *per se* under O.C.G.A § 40-6-270 (failure to stop and render aid).

47. John Doe was negligent in failing to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations, and standards.

48. John Doe failed to obey federal commercial vehicle regulations as established by the Federal Motor Carrier Safety Administration, and is therefore liable *per se*.

49. As a result of the foregoing breaches of duties, Plaintiff suffered physical and mental pain. But for John Doe's negligence, Plaintiff would not have

suffered physical or mental pain.

50. Defendant Elsayed was negligent in failing to exercise ordinary care under the circumstances.

51. Defendant Elsayed was negligent in failing to keep a proper lookout.

52. Defendant Elsayed was negligent in failing to maintain his lane.

53. Defendant Elsayed was negligent in making an improper right turn.

54. Defendant Elsayed is liable *per se* under O.C.G.A § 40-6-270 (failure to stop and render aid).

55. Defendant Elsayed was negligent in failing to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations, and standards.

56. Defendant Elsayed failed to obey federal commercial vehicle regulations as established by the Federal Motor Carrier Safety Administration, and is therefore liable *per se*.

57. Plaintiff was required to seek medical treatment as a result of this accident.

58. Plaintiff lost income as a result of this incident.

59. At the time of the subject collision, Bulldog National issued at least one policy of commercial automobile liability insurance on the Shetos Inc.

tractor-trailer involved in the collision at the time of the collision.

60. Bulldog National insured Defendant Elsayed on the date of the subject incident.

61. Bulldog National insured the John Doe operator on the date of the subject incident.

62. Bulldog National is subject to a direct action pursuant to O.C.G.A § 40-1-112(c).

63. Bulldog National is responsible for any judgment rendered against Defendant John Doe, Elsayed and/or Defendant Shetos Inc. for this Incident.

64. Defendants have not offered Plaintiff any compensation for the damage to his vehicle after this accident.

65. Defendants have not offered Plaintiff any compensation for his personal injuries.

66. Defendants have not offered Plaintiff any compensation for his pain and suffering caused by this incident.

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, pursuant to F.R. Civ. P. 34, hereby requests that Defendants produce and permit the Plaintiff to inspect and copy the documents which are hereafter requested.

NOTE A: Should Defendants consider any particular documents requested herein as being privileged, please identify said documents and give the following information regarding any such documents in a privilege log:

1. Its nature, for example, whether it is a letter, memorandum, etc.,

2. The date upon which it was made, and

3. By whom it was made and to whom addressed, and if copies were sent to any person, to whom such copies were sent.

NOTE B: This request for production of documents shall be deemed continuing in nature, and, if at any time after Defendants have produced the requested documents, or otherwise responded hereto, further documents (called for in these requests but not previously produced), come into Defendants' control and possession then, Defendants are requested to respond further and to produce the said documents at the earliest possible time, but, in any event, the documents should be produced prior to the time of trial.

NOTE C: As used herein, the term "documents" includes every record of every type, including without limitation, any written, printed, typed, recorded or graphic matter however produced or reproduced, in the possession, custody, or control of Defendants, or any agent, employee, or attorney for Defendants, and all drafts, notes, or preparatory material concerned with said documents where such copy contains any commentary, notation, or other change whatsoever that does not

appear on the original or other copy of the document produced. The term "documents" shall also include any summary of any document or documents called for hereinafter.

**YOU ARE HEREBY REQUESTED** to produce the following documents:

1. Any and all reports, record, or any other documents, letters, other items of documentary or tangible evidence which may prove, support, or constitute evidence of any fact or circumstance upon which you base the allegations contained in your answers.

2. Any and all documents that supports Defendants' contention that the subject tractor-trailer was not involved in the subject collision that underlies the Complaint.

3. Any and all reports, findings, records, or any other documents, letters, or other items of documentary or tangible evidence relied upon to demonstrate and support facts relevant to this litigation.

4. Any and all video footage or recordings of any dashboard camera (dash cam), or other video footage from the Shetos Inc. tractor-trailer on October 12, 2023.

5. All driver logs for Shetos Inc. between October 1, 2023 and October 30, 2023.

6. All driver logs for Khaled Elsayed between October 1, 2023 and October 30, 2023.

7. All maintenance records for the subject tractor-trailer between October 1,

2022 and January 1, 2024.

8. All repair records for the subject tractor-trailer between October 1, 2022 and January 1, 2024.

9. All fuel receipts for the subject tractor-trailer between October 1, 2023 and October 30, 2023.

10. All of Shetos Inc.'s driver logbooks, electronic logs, record of duty status, hours of service, or any similar documentation between October 1, 2023 and October 30, 2023.

11. All of Khaled Elsayed's driver logbooks, electronic logs, record of duty status, hours of service, or any similar documentation between October 1, 2023 and October 30, 2023.

12. A certified copy of any and all insurance policies, and associated declaration pages or sheets, which covered Defendants Shetos Inc., Khaled Elsayed and John Doe between October 1, 2023 and the present, including but not limited to, all excess & umbrella policies that were in effect on October 12, 2023.

13. Complete and clearly readable copies of all trip and/or operational documents, pertaining to the movement of cargo by Defendants Shetos Inc. and Elsayed between October 1, 2023 and October 31, 2023.

14. A copy of all contracts/agreements with companies who shipped or received shipments by and/or from Shetos Inc., Khaled Elsayed, and/or John Doe

between October 1, 2023 and October 30, 2023.

15. A copy of Defendant Elsayed's cell phone bill, which reflects the carrier, the phone number, and/or any calls and/or text messages made between October 11, 2023 and October 20, 2023.

16. A copy of any and all Shetos Inc.'s GPS tracking documents between October 1, 2023 and October 31, 2023.

17. A copy of all Shetos Inc.'s logs (including its accident recorder) between October 1, 2023 and the October 31, 2023.

18. A copy of the certificate of title and registration documents for all tractors or trailers owned or operated by Shetos Inc. between January 2023 and January 2025.

19. A complete and true copy of photographs or videos of all vehicles owned and/or operated by Shetos Inc. between October 1, 2023 and the present.

Respectfully submitted this 19th day of January, 2025.

**THE ELLIS FIRM**

3500 Lenox Road
Ste. 1500
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Fascimile: (404) 393-2392
will@call-ellis.com

*/s/ Willie C. Ellis*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jennifer S. Ray
SPEED SETA, MARTIN, TRIVETT, STUBLEY & FICKLING, LLC
114 Stone Mountain Street
Lawrenceville, GA 30046
jennifer@speed-seta.com

*Attorneys for Defendants*

Respectfully submitted this 19th day of January, 2025.

### **THE ELLIS FIRM**

3500 Lenox Road
Ste. 1500
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Fascimile: (404) 393-2392
will@call-ellis.com

*/s/ Willie C. Ellis*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*