IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br><br>     Plaintiff,<br><br>v.<br><br>SHETOS INC., BULLDOG<br>NATIONAL RISK RETENTION<br>GROUP, INC., KHALED ELSAYED,<br>AND JOHN DOE,<br><br>     Defendants. | Civil Action File No.<br><br>1:24-cv-00455-SEG |

## PLAINTIFF'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DEFEENDANTSTO FILE INTIAL DISCLOSURES WITH INCLUDED MEMORANDUM OF LAW

Plaintiff O' Rhonde Chapman files this Motion for Sanctions or, in the alternative, to Compel Defendants Sheto's Inc., Bulldog National Risk Retention Group, Inc., and Khaled Elsayed (collectively "Defendants") to File their Initial Disclosures, pursuant to F.R.Civ.P. 37(a)(3)(A) and Local Rule 37.1 of the Northern District of Georgia, showing this Honorable Court as follows:

## I.    INTRODUCTION

Defendants have failed to participate in this case, despite this Court exercising its discretion to save them from a default judgment. Indeed, as of the date of this Motion, Defendants have failed to:

(1) File Initial Disclosures;

(2) File a Certificate of Interested Persons;

(3) Work with Plaintiff to file the Joint Preliminary Plan and Report; or

(4) Respond to Plaintiff's Request for Admissions and Request for the Production of Documents.[1]

Defendants' Initial Disclosures were due on January 14, 2025. Despite Plaintiff's good-faith requests, Defendants still have not filed their disclosures.

For the aforementioned reasons, Plaintiff respectfully requests that the Court compels Defendants to fulfill their discovery obligations and order Defendants to pay Plaintiff's reasonable expenses and attorney's fees associated with all discovery related motions and letters.

## II.    RELEVANT FACTS

Pursuant to Fed. R. Civ. P 26(a)(1) and the Court's November 15, 2024 Order, the parties were required to exchange and file a Joint Preliminary Report and Discovery Plan, including Initial Disclosures by January 14, 2025. [Dkt. 24]. Plaintiff timely and filed its Preliminary Report and Plan, along with its Initial Disclosures. [Dkt. 28-30].

Plaintiff's counsel made multiple good-faith request for Defendants to file their Initial Disclosures. *See* **Attachments 1 and 2**. Specifically, on February 18,

---

[1] Plaintiff filed a motion for summary judgment on February 26, 2025.

2025, Plaintiff sent a letter via FedEx asking them to file their Initial Disclosures by February 28, 2025. *See* **Attachment 1**. On February 26, 2025, Plaintiff sent an email to Defendants again advising of the intent to file a motion to compel if their Initial Disclosure were not received by February 28, 2025. **Attachment 2**. On February 28, 2025, Defendants' counsel sent an email requesting an extension; to which, Plaintiff agreed to postpone filing his motion to compel until March 7, 2025. ***Id***.

Discovery in this action commenced on January 14, 2025. Despite Plaintiff's good-faith communications to Defendants and extensions, Defendants have failed to file Initial Disclosures or otherwise participate in this action. Given the Court's directives and Defendants continued noncompliance, Plaintiff is left with no choice but to seek Court intervention.

## III.    ARGUMENT AND CITATION OF AUTHORITY

Pursuant to F.R.Civ.P. 37(a)(3)(A), a party may move to compel disclosures if the opposing party fails to comply with Rule 26(a). Local Rule 37.1 requires a movant to confer in good faith before seeking relief – which has occurred here. *See* **Attachments 1-2**. The Northern District of Georgia has noted, that "[i]nitial disclosures are the beginning step in discovery" and [a party's]  failure to fulfill [their] obligations, puts discovery at a standstill. *See e.g., Odouk v. St. Leo Univ.,* No. 1:09-CV-1647--JEC, 2011 U.S. Dist. LEXIS 163027, at *3 (N.D. Ga. Feb. 28, 2011). This Court has granted motions to compel where a party's non-compliance

hinders the discovery process. *See generally Stamps v. Encore Receivable Mgmt.*, 232 F.R.D. 419, 420 (N.D. Ga. 2005) (granting motion to compel disclosures after unjustified delays); *Gordon v. Getter*, No. 3:08-CV-068-JTC, 2010 U.S. Dist. LEXIS 152450, at *3 (N.D. Ga. Aug. 31, 2010) (court found severe sanctions for willful and/or bad faith compliance to Court Orders).

Additionally, F.R.Civ.P. 37(c) authorizes this Court to sanction Defendants for their failure to disclose or otherwise participate in discovery. F.R.Civ.P. 37(c) provides:

> If a party fails to provide information or identify a witness as required by **Rule 26(a)** or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) **may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi)**.

(emphasis added).

Plaintiff contends that the drastic sanctions of striking Defendants' Answers and rendering them in default are warranted in this action. Indeed, this Court granted Defendants' motions to open default, only to have them ignore the Court's deadlines, fail to file initial disclosures as required by F.R.Civ.P. 26(a), fail to answer Plaintiff's discovery requests, and otherwise fail to participate in discovery. The attachments

-4-

to this Motion show that Plaintiff has conferred in good faith and provided Defendants every opportunity over the last two months to remedy their dilatory conduct. Thus, Plaintiff contends that sufficient grounds exist to strike Defendants' Answers and render them all in default.

## IV.    GOOD FAITH CERTIFICATION

Plaintiff's counsel conferred with Defendants' counsel via written letter and via email. *See* **Attachments 1-2 and Declaration of Willie C. Ellis, Esq.** Defendants' continued noncompliance necessitates the Court's intervention.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff prays that their Motion to Compel be granted, the Court order and award Plaintiff's reasonable attorney fees in connection with bringing this Motion. In the alternative, Plaintiff requests that the Court strike Defendants' Answers and/or render them in default, as permitted by F.R.Civ.P. 37(b)(2)(A)(iii) and (iv) for their failure to abide by the Court November 15, 2024 Order and failure participate in discovery.

Respectfully submitted this 12th day of March, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
facsimile: (404) 393-2392
will@call-ellis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

O'RHONDE CHAPMAN,

     Plaintiff,

v.

SHETOS INC., BULLDOG
NATIONAL RISK RETENTION
GROUP, INC., KHALED ELSAYED,
AND JOHN DOE,

     Defendants.

Civil Action File No.

1:24-cv-00455-SEG

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

Respectfully submitted this 12th day of March, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
facsimile: (404) 393-2392
will@call-ellis.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foreground matter with a copy of **PLAINTIFF'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DEFEENDANTSTO FILE INTIAL DISCLOSURES WITH INCLUDED MEMORANDUM OF LAW** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jennifer S. Ray
**Speed, Seta, Martin, Trivett, Stubley & Fickling, LLC**
114 Stone Mountain Street
Lawrenceville, Georgia 30046
jennifer@speed-seta.com
*Attorneys for Defendant*

Respectfully submitted this 12th day of March, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
facsimile: (404) 393-2392
will@call-ellis.com