IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br><br>  Plaintiff,<br><br>v.<br><br>SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., KHALED ELSAYED, AND JOHN DOE,<br><br>  Defendants. | Civil Action File No.<br><br>1:24-cv-00455-SEG |

**MOTION TO COMPEL DISCOVERY RESPONSES, FOR CONTEMPT AND SANCTIONS, AND TO STRIKE DEFENDANTS' ANSWERS WITH INCLUDED MEMORANDUM IN SUPPORT**

Plaintiff O' Rhonde Chapman files this Motion to Compel Defendants Shetos Inc., National Risk Retention Group, Inc., and Khaled Elsayed (collectively "Defendants") to respond to Plaintiff's First Request for Admission and Request for Production of Documents. Additionally, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), Plaintiff respectfully moves for an Order of contempt and to strike Defendants' Answers based on their continued failure to comply with their discovery obligations and this Court's May 1, 2025, Order, showing this Honorable Court as follows:

I. **INTRODUCTION**

This Motion arises from Defendants continued disregard for their discovery

obligations, despite prior judicial intervention, extensions, and sanctions which required Defendant to pay $3,100.00 and engage in discovery. Defendants have neither paid the Court Ordered sanctions nor responded to Plaintiff's Request for Admission and Request for Production of Documents, originally served January 19, 2025. This conduct has hindered Plaintiff's ability to prepare for the agreed upon June 26, 2025 deposition of Defendant Khaled Elsayed while timely obstructing meaningful progress of this case. Judicial intervention is now warranted.

## II. RELEVANT FACTS

Plaintiff served Request for Admissions and Request for Production of Documents on Defendants January 19, 2025. *See* **Attachment 1**. In good faith Plaintiff granted multiple extensions, sent written correspondence, and initiated follow-up calls. *See* **Attachment 2**; *see also* [Dkt. 33-1; Dkt. 33-2].

Plaintiff moved for sanctions and to compel Defendants to provide initial disclosures. [Dkt. 33]. After a show cause hearing, on May 1, 2025, the Court issued an Order awarding $3,100.00 in sanctions, compelled Defendants to serve Initial Disclosures, graciously permitting Defendants a 21-day extension to respond to Plaintiff's Motion for Partial Summary Judgment, and warned that further non-compliance could result in additional sanctions, including having their pleadings stricken. [Dkt. 36].

Defendants served their Initial Disclosures on May 7, 2025. [Dkt. 38]. They

failed, however, to file anything in opposition to Plaintiff's Motion for Partial Summary Judgment. Plaintiff conferred with Defendants by phone on May 19, 2025, and sent multiple good-faith correspondence regarding the outstanding discovery but has not received any responses or assurances as to when the same would be provided. *See* **Attachment 2**. At the time of this Motion, Defendants remain noncompliant. *See* **Declaration of Willie C. Ellis Jr., Esq**.

## III. ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party may move to compel responses when another party fails to answer document requests or admissions. Fed. R. Civ. P. 37(b)(2)(A)(iii) also authorizes the Court to strike pleadings in whole or in part where a party fails to obey a discovery order. Courts in the Northern District of Georgia have emphasized that repeated failures to comply with discovery justify sanctions, including attorneys' fees and, where appropriate, striking pleadings. *See generally Stamps v. Encore Receivable Mgmt., Inc.*, 232 F.R.D. 419 (N.D. Ga. 2005) (compelling discovery and awarding fees due to delay). Local Rule 37.1 also requires good faith conferral prior to filing a motion to compel. See **Attachment 1-2 and Declaration of Willie C. Ellis Jr. Esq**.

Here, Defendants have repeatedly missed deadlines spanning nearly five months by failing to respond to Plaintiff's Request for Admission and Request for Production of documents, even after the Court's May 1, 2025 Order. Additionally,

Plaintiff granted an extension until May 27, 2025, to respond to the outstanding discovery requests, and initiated multiple follow up efforts to resolve this discovery dispute. *See* **Attachment 2**.

Additionally, under Fed. R. Civ. P. 37(b)(2)(A)(iii), this Court is empowered to strike pleadings. In *Githieya v. Glob. TelLink Corp.*, 608 F. Supp. 3d 1290, 1325-28 (N.D. Ga. 2020), the court held the sanction of striking pleadings was warranted based on defendants repeated failure in complying with discovery and Court orders, reasoning that such conduct reflected a pattern of bad faith. Notably, in *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998), the Eleventh Circuit emphasized that deliberate bad faith noncompliance is demonstrated where "a party disrupts the litigation [process] or hampers enforcement of court orders".

Plaintiff submits that Defendants' actions here reflect the same disregard, bringing "discovery to a standstill" and obstructing the orderly progression of this case.

Fed. R. Civ. P. 37(a)(5)(A) mandates that the Court award fees when a motion to compel is granted unless the nonmoving party's position was substantially justified. *See e.g., Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 176 (N.D. Ga. 2013) (sanction upheld after nearly two years of discovery noncompliance, reasoning that obstructing the adversary process justified compelling production and penalties). Additionally, Fed. R. Civ. P. 37(b)(2)(A)(iii) authorizes the Court to

strike pleadings in whole or in part where a party fails to obey a discovery order. *Githieya v. Glob. TelLink Corp.*, 608 F. Supp. 3d 1290, 1297 (N.D. Ga. 2020)(Court held "repeated failures to comply with court orders undermine the integrity of the litigation process and justify severe sanctions.") Both factors are present here.

This Court held a formal show-cause hearing on April 30, 2025, during which Defendants, through counsel, acknowledged their failure to serve initial disclosures or meaningfully participate in discovery. The Court awarded attorneys' fees and explicitly warned that future violations could result in the striking of their answers. [Dkt. 36]. Since then, Defendants have again failed to comply, ignoring both the Court's directives and Plaintiff's good faith efforts to resolve disputes without the Court's intervention.

Defendants have no legitimate excuse for the continuing a pattern of disregard that undermines this litigation process. The trajectory of this case has been driven not by cooperative discovery but by repeated motion practice forced by Defendants' noncompliance. Plaintiff has exhausted all reasonable efforts to resolve these issues without court involvement. Plaintiff respectfully states that the time for leniency has passed.

IV. **GOOD FAITH CERTIFICATION**

Pursuant to Local Rule 37.1(A) and Fed. R. Civ. P. 37(a)(1), Plaintiff's counsel certifies that he in good faith conferred by telephone on May 19, 2025, and followed

up by emails May 19, 2025, and May 28, 2025, to confer with Defendants concerning, among other things, the deadline regarding outstanding discovery, settlement, and sanctions payment. Defendants have failed to meaningfully respond. *See* **Attachments 2 and Declaration of Willie C. Ellis Jr., Esq.**

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Compel, find Defendants in contempt of Court, and order and award reasonable fees incurred in connection with bringing this Motion. Additionally, Plaintiff requests that the Court strike Defendants' Answers and schedule the trial on Plaintiff's damages.

Respectfully submitted this 4th day of June, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E., Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SHETOS INC., BULLDOG NATIONAL RISK RETENTION GROUP, INC., KHALED ELSAYED, AND JOHN DOE,<br><br>    Defendants. | Civil Action File No.<br><br>1:24-cv-00455-SEG |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

Respectfully submitted this 4th day of June, 2025.

                                        **THE ELLIS FIRM**

                                        */s/ Willie C. Ellis Jr.*
                                        Willie C. Ellis Jr.
                                        Georgia Bar No. 246116
                                        *Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **MOTION TO COMPEL DISCOVERY RESPONSES, FOR CONTEMPT AND SANCTIONS, AND TO STRIKE DEFENDANTS' ANSWERS WITH INCLUDED MEMORANDUM IN SUPPORT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jennifer S. Ray
**Speed, Seta, Martin, Trivett, Stubley & Fickling, LLC**
114 Stone Mountain Street
Lawrenceville, Georgia 30046
jennifer@speed-seta.com
*Attorneys for Defendants*

Respectfully submitted this 4th day of June, 2025.

THE ELLIS FIRM

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E., Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com