IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| O'RHONDE CHAPMAN,<br>Plaintiff,<br><br>v.<br><br>SHETOS, INC.,<br>BULLDOG NATIONAL RISK RETENTION<br>GROUP, INC.,<br>KHALED ELSAYED, and<br>JOHN DOE,<br>Defendants. | Civil Action No.<br>1:24-CV-00455-SEG |

**PLAINTIFF'S PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT BULLDOG NATIONAL RISK RETENTION GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT**

Bulldog's Reply (Doc. 73) raises new and improper arguments that strike at the core of coverage, liability, and damages, and Plaintiff files this Sur-Reply to

4

respond to those arguments and ensure the record remains accurate. Among these, Bulldog for the first time makes accusations about Plaintiff's Opposition that are procedurally improper and irrelevant to the dispositive issues before the Court.

## I. Bulldog's Improper Alleged "AI-Generated" Rhetoric Is a Distraction

Bulldog's Reply injects for the first time the baseless accusation that Plaintiff's brief was "AI-generated." This is not only unfounded—it is procedurally improper. Rule 11 requires such allegations to be raised by separate motion with notice and a safe-harbor period. Bulldog ignored this procedure, inserting accusations into a Reply where the opposing party would otherwise have no prior opportunity to respond. Such accusations have no place in summary judgment briefing.

It is also substantively baseless. Plaintiff has never relied on artificial intelligence or fabricated authority in preparing his filings. Out of candor to the Court, Plaintiff acknowledges two inadvertent clerical miscitations in his Opposition to Bulldog's motion for Summary Judgment and withdraws reliance on them. Both citations referred to real cases but contained clerical errors in naming or formatting; they were not fabricated or "hallucinated." **Plaintiff's arguments remain grounded in the record, Eleventh Circuit precedent, and this Court's Local Rules.** Bulldog's rhetoric adds nothing

5

to the dispositive issues before the Court.

With Bulldog's new accusations addressed, Plaintiff turns to the controlling admissions and statutory framework that resolve this case.

## II. Bulldog's Attempt to Disregard Its Own Admissions Cannot Support Summary Judgment

In Reply, Bulldog for the first time argues that its admissions should be excused as counsel's "mistake" or disregarded as "legal conclusions." Rule 36(b) holds otherwise. **Rule 36 expressly permits requests concerning the application of law to fact, Fed. R. Civ. P. 36(a)(1)(A), and Bulldog's binding admissions (Doc. 65) fall squarely within that scope.**

Nor does Bulldog's reliance on the Court's July 18, 2025 discovery order (Doc. 51) retroactively vacate matters already deemed admitted under Rule 36; Bulldog cannot meet either prong after discovery has closed. Because Bulldog first raised this contention in Reply, Plaintiff respectfully submits this limited response to confirm that the admissions remain binding and properly before the Court, and that Rule 36(b) does not permit withdrawal at this late stage .

Bulldog also raises 15 U.S.C. § 3902(a)(1)(D) for the first time in Reply, contradicting its own prior admissions that it is subject to Georgia's Direct Action Statutes. This reversal is more than a new argument—it is a direct contradiction of Bulldog's prior admissions, which both Plaintiff and the Court must be able to rely on. **A litigant cannot admit applicability of Georgia's Direct Action Statutes in discovery, then reverse course in Reply by invoking federal preemption.**

In Reply, Bulldog's reliance on Reis v. OOIDA Risk Retention Grp., Inc. does not change this outcome. Even if Reis were persuasive, it cannot override Bulldog's binding Rule 36 admissions in this case. They independently establish coverage, responsibility for any judgment, liability, and damages, and therefore defeat summary judgment.

Nor does Wadsworth v. Allied Professionals Ins. Co. help Bulldog; it is an out-of-circuit decision interpreting New York law and, in any event, cannot override Bulldog's binding admissions in this record.

Local Rule 56.1 already excludes improper "legal conclusions" from a Statement of Facts, but that does not erase factual admissions Bulldog made in discovery. The admissions cited here (RFAs 17–20, 27–30, 39–40, 46, 54, 57–58, 59–66) are factual or application-of-law-to-fact matters expressly permitted by Rule

36(a)(1)(A).

### III. Bulldog's Admissions Are Central, Not Minor

In Reply, Bulldog also attempts to downplay its admissions as "minor." They are not. They go directly to the core issues Bulldog itself raised in its summary judgment motion. Bulldog admitted: - that it issued a liability policy covering the Shetos tractor-trailer on October 12, 2023 (RFA 59); - that Bulldog insured both Elsayed and John Doe on the date of the collision (RFAs 60–61); - that Bulldog is subject to Georgia's Direct Action Statute, O.C.G.A. § 40-1-112(c) ( RFA 62); and - that Bulldog National is responsible for any judgment rendered against Shetos, Elsayed, or John Doe for this incident (RFA 63).

Defendants also admitted facts establishing liability and damages:
- that Elsayed and/or John Doe failed to maintain their lane, made an improper turn, collided with Plaintiff, and left the scene (RFAs 17–20, 27– 30, 46, 54);
- that Plaintiff suffered severe personal injuries, lost income, and a totaled vehicle (RFAs 39–40, 57–58);
- that Defendants have offered no compensation for Plaintiff's losses (RFAs 64–66).

These admissions go to coverage, responsibility for judgment, liability, and damages. Plaintiff relied on them in opposing summary judgment. Permitting

withdrawal now would not simply inconvenience Plaintiff—it would reward Bulldog's strategic gamesmanship. **Bulldog ignored Requests for Admission for six months, responded only after a Court order, and now, after discovery is closed, attempts to recast binding admissions as "mistakes." Rule 36(b) exists to prevent exactly this type of bait-and-switch.**

Under Rule 56, these binding admissions eliminate any genuine dispute of material fact. They foreclose Bulldog's arguments that it was not on the risk, that Georgia's Direct Action Statute does not apply, or that Plaintiff cannot prove liability or damages. Summary judgment cannot lie where the record already contains binding admissions establishing coverage, liability, and damages. These admissions are not collateral—they resolve the very issues Bulldog placed before the Court in its motion.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully asks the Court to **DENY** Bulldog's Motion for Summary Judgment. **The law, the record, and Bulldog's binding admissions compel denial.** Bulldog's attempt to distract with rhetoric, reverse its admissions, and rewrite the record after discovery closed is unsupported and cannot change what Rule 36 has already conclusively established.

9

Respectfully submitted this 23rd day of September, 2025.

_____
O'Rhonde Chapman
Plaintiff, Pro Se (Limited)
PMB 5234
285 West Wieuca Road NE
Atlanta, GA 30342
orhondechapman31@gmail.com
7138702864

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY by depositing a true and correct copy via U.S Mail with adequate postage affixed thereon and addressed as follows:

Willie C. Ellis Jr.
The Ellis Firm
3500 Lenox Rd.
Suite 1500
Atlanta, GA 30326

Jennifer Ray
Speed, Seta, Martin, Trivett, Stubley, & Fickling LLC
114 Stone Mountain Street Lawrenceville, GA 30046

Kevin P. Branch
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009

Michael P. Johnson
McMickle, Kurey, & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009

Note Regarding Service on Former Counsel:
Out of an abundance of caution, Plaintiff continues to serve copies of all filings on Mr. Willie C. Ellis, Jr., who remains listed on the docket as counsel of record, pending entry of an Order granting withdrawal.

Respectfully submitted,
This 23rd day of September 2025

O'Rhonde Chapman
Plaintiff, Pro Se (Limited)
PMB 5234
285 West Wieuca Road NE
Atlanta, GA 30342
orhondechapman31@gmail.com
7138702864